UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NATHANIEL E. BOSTIC,

               Plaintiff,                           Civil Action No.: 3:06-CV-540

    v.                                                            TJM/DEP

CITY OF BINGHAMTON; CARL SMITH;
J. FIAN; CITY OF BINGHAMTON POLICE
DEPARTMENT,

               Defendants.
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


### DECISION & ORDER

**I.  INTRODUCTION**

      A May 3, 2006, Plaintiff commenced the instant action *pro se*. He asserts claims sounding in "malicious prosecution, false imprisonment, false arrest, intentional infliction of emotional distress and libel and slander." Compl. ¶ 7 [dkt. # 1]. Inasmuch as Plaintiff has not asserted that diversity of citizenship exists (nor does it appear from the face of the Complaint that it could exist, see Compl. ¶ 1), the Court presumes that Plaintiff proceeds under the Court's federal question, civil rights, and supplemental jurisdictional grants. See 28 U.S.C. §§ 1331, 1343(a)(3), 1367. In this regard, the Court presumes that Plaintiff proceeds on claims for malicious prosecution and false arrest under 42 U.S.C. § 1983, and proceeds on all claims under New York common law.

      Defendants move to dismiss the action pursuant to Federal Rules of Civil Procedure 8(a) and

1

12(b)(6). Plaintiff opposes the motion. For the reasons that follow, the motion is granted in part and denied in part.

## II. STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Srema, 122 S.Ct. 992, 998 (2002)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims," id.; see 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1215 (1990 & 2002), and applies with equal force in Section 1983 actions. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). The question under Rule 8(a) is whether the plaintiff has alleged enough to put the defendants on notice of the claim or claims being asserted.

In addressing a motion under Rule 12(b)(6), a court must address the sufficiency of the pleadings within the vacuum of Rule 8. The Court must accept as true all facts in the complaint, and may consider only the facts alleged in the complaint and in documents attached to, or incorporated by reference in, the complaint. Schnall v. Marine Midland Bank, 225 F.3d 263, 266 (2d Cir. 2000); see Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000)(court must exclude any additional materials submitted on the motion and decide the motion on the allegations in the complaint alone). Dismissal is "appropriate only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Harris v. City of

New York, 186 F.3d 243, 250 (2d Cir. 1999)(quoting Conley v. Gibson, 355 U.S. at 45-46). A court's function on a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).

The Second Circuit has cautioned against hastily shifting the burden on a 12(b)(6) motion from one of determining legal sufficiency to one of determining factual sufficiency. See Phelps v. Kapnolas, 308 F.3d 180, 184-187 (2d Cir. 2002)(*per curiam*). Not only does such an exercise circumvent the liberal pleading requirements of the Federal Rules of Civil Procedure, it also leads to the unnecessary waste of judicial resources. Id.

> Despite the pressures to weed out apparently meritless cases at the earliest point, courts must take care lest "judicial haste [in dismissing a complaint] in the long run makes waste." Dioguardi v. Durning, 139 F.2d 774, 775 (2d Cir. 1944). "Untimely dismissal may prove wasteful of the court's limited resources rather than expeditious, for it often leads to a shuttling of the lawsuit between the district and appellate courts." Lewis v. New York, 547 F.2d 4, 6 (2d Cir. 1976).

Id., at 185. Simply stated, the question under Rule 12(b)(6) is whether the facts supporting the claims, if established, create legally cognizable theories of recovery.

Where a plaintiff proceeds *pro se,* a court must construe the complaint liberally and "'interpret [it] to raise the strongest arguments that [it] suggest[s].'" Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976)(*pro se* complaint should be held to less stringent standard than formal pleadings drafted by counsel); Lerman v. Board of Elections in the City of New York, 232 F.3d 135, 140 (2d Cir. 2000) (Because "most pro se plaintiffs lack familiarity with the formalities of pleading requirements, [courts] must construe pro se complaints liberally, applying a more flexible

3

standard to evaluate their sufficiency.")(citing Hughes v. Rowe, 449 U.S. 5, 9-10 (1980) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). In addition, courts must remain "mindful of the care exercised in this Circuit to avoid hastily dismissing complaints of civil rights violations." Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001).

## III. DISCUSSION

### (a). Rule 8

Despite Defendants' contention to the contrary, Plaintiff's complaint presents no violation of Fed. R. Civ. P. 8(a). Rather, the complaint is a short and plain statement, separated by individually number paragraphs, that indicates to the reader that the Plaintiff is suing the named defendants for claims sounding in "malicious prosecution, false imprisonment, false arrest, intentional infliction of emotional distress and libel and slander." Compl. ¶ 7. The complaint consists of only 7 paragraphs spanning a mere page and one half, and concisely sets forth the factual basis of Plaintiff's legal theories.

The third paragraph asserts that Defendants Smith and Fian, both police officers with the City of Binghamton Police Department, filed false affidavits causing Plaintiff to be arrested and prosecuted on various charges. Id. ¶ 3. In this regard, Plaintiff asserts that on November 12, 2003, Defendant Smith filed a false affidavit charging that Plaintiff "willfully and unlawfully and maliciously slapped his wife . . . ." Id. The Plaintiff further alleges that on April 19, 2004, Defendant Fian filed a false affidavit "charging [Plaintiff] with Criminal Contempt First Degree, a felony." Id. Plaintiff contends that Defendants Smith and Fian's actions were "wrongful, malicious, and designed to embarrass and damage plaintiff," and "reflect a malicious, intentional,

willful and reckless disregard of the right of Plaintiff ." Id. ¶ 5-6. Plaintiff further contends that the criminal charges against him were ultimately dismissed, and that he suffered damages as a result of Defendants' actions. Id. ¶¶ 3, 4-5. While Plaintiff does not state the basis of liability against the City of Binghamton or the City of Binghamton Police Department, it is presumed from the context of the allegations against the individual officers that Plaintiff seeks to impose liability on the municipal defendants for the acts of the individual officers.

The Court fails to see a Rule 8(a) violation. Therefore, Defendants' motion on this basis is **DENIED**.

### (b). Rule 12(b)(6)

Turning to the Rule 12(b)(6) branch of Defendants' motion, the Court will address the various legal theories propounded in the Complaint in the context of Defendants' arguments for dismissal.

#### i. False Arrest/False Imprisonment/Malicious Prosecution

Defendants first argue that the false arrest, false imprisonment, and malicious prosecution claims against the individual defendants must be dismissed because the officers had probable cause to institute and continue the charges against Plaintiff. In this regard, Defendants assert that the "false affidavits" referenced in the Complaint are the accusatory instruments filed by the officers, and that each accusatory instrument is accompanied by a supporting depositions from Plaintiff's wife that provides probable cause for Plaintiff's arrest and prosecution. Defendants argue that the Court can consider the accusatory instruments and the supporting depositions because these documents are incorporated by reference in the Complaint via Plaintiff's reference to Defendants'

5

affidavits. Defendants further contend that because Plaintiff attached to the Complaint a letter from the prosecuting assistant district attorney (ADA) to the state court judge requesting that the underlying charges against Plaintiff be dismissed (for, among other reasons, speedy trial violations), and stating, *inter alia*, that "there was probable cause to arrest on both charges," Plaintiff has impliedly conceded that probable cause existed for his arrest and prosecution.

While the lack of probable cause is an element of claims under Section 1983 and state common law sounding in false arrest, false imprisonment, and malicious prosecution, see Smith v. Edwards, 175 F.3d 99, 105 (2d Cir. 1999)("It is well established that appellant's Section 1983 claims against appellees for false arrest and false imprisonment must fail if the appellee-officers had probable cause to arrest him."); Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996)(probable cause is a complete defense to both federal and state law claims for false arrest and false imprisonment); Rohman v. New York City Transit Auth., 215 F.3d 208, 215 (2d Cir. 2000)(an element of a malicious prosecution claim is that the defendant lacked probable cause to believe the proceeding could succeed); Sanchez v. Town of Greece, 2004 WL 1964505, at *3 (W.D.N.Y. Sept. 1, 2004)("[T]he existence of probable cause to arrest is a complete defense to [Plaintiff's] claims for false arrest and malicious prosecution.")(citing Townes v. City of New York, 176 F.3d 138, 149 (2d Cir.), cert. denied, 528 U.S. 964 (1999)), Plaintiff neither admits nor concedes the existence of probable cause simply because he attached the ADA's letter to the Complaint. Rather, Plaintiff clearly attached the letter to establish that the charges against him were dismissed. See Compl. ¶ 3.

While Plaintiff may have been referring to the accusatory instruments filed by Defendants Smith and Fian when he asserted that Defendants filed false affidavits, that fact is not clear from the allegations in the Complaint. He may be asserting that Defendants filed affidavits separate and

6

apart from the accusatory instruments, and these affidavits were materially false and intended to cause his false arrest and malicious prosecution. Thus, the Court cannot conclude that the Complaint incorporates by reference the accusatory instrument and the supporting depositions.[1]

As noted above, the Court must assume the truth of the allegations in the Complaint on this motion, and interpret the allegations to raise the strongest argument that they suggest. Assuming that Plaintiff could establish that the officers filed affidavits that they knew were materially false and that they did so for the purpose of effectuating Plaintiff's arrest and prosecution, Plaintiff has asserted a basis from which a jury could conclude that the officers lacked probable cause for his arrest and prosecution. See Devenpeck v. Alford, 125 S.Ct. 588, 593 (2004)("Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest.")(citing Maryland v. Pringle, 540 U.S. 366, 371 (2003)). Accordingly, Defendants' motion in this regard is **DENIED.**

  **ii. Qualified Immunity**

The individual defendants also contend that they are entitled to qualified immunity on any claims brought under Section 1983. Accepting the allegations in the Complaint as true, the motion appears to be premature. See Walker v. Mendoza, 2000 WL 915070, at *7 (E.D.N.Y. June 27, 2000)("It is generally premature to address the defense of qualified immunity in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."). As the Second Circuit has noted:

---

[1] Although it appears unlikely, Plaintiff may be referring to the supporting depositions when he asserts that Defendants Smith and Fian filed affidavits containing knowingly false information. In this regard, Plaintiff may be asserting that Defendants Smith and Fian filed the supporting depositions knowing that the allegations of criminal conduct in them were false, and that Defendants nevertheless filed the false affidavits in order to effectuate his arrest and prosecution.

> a defendant presenting an immunity defense on a Rule 12(b)(6) motion instead of a motion for summary judgment must accept the more stringent standard applicable to this procedural route. Not only must the facts supporting the defense appear on the face of the complaint, but, as with all Rule 12(b)(6) motions, the motion may be granted only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Thus, the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense.

McKenna v. Wright, 386 F.3d 432, 436 (2d. Cir 2004)(citations and quotation marks omitted).

It was clearly established at all relevant times that a police officer could not effectuate an arrest of a person or institute a criminal action unless the officer possessed probable cause to believe that the person committed some crime. Accepting as true Plaintiff's allegations (and the reasonable inferences drawn therefrom) that Defendants Smith and Fian submitted affidavits that they knew were false and did so with a malicious intent to effectuate Plaintiff's arrest and prosecution where no probable cause existed, Defendants cannot establish their entitlement to qualified immunity. See Locurto v. Safir, 264 F.3d 154, 169 (2d Cir. 2001)("[I]t can never be objectively reasonable for a governmental official to act with the intent that is prohibited by law."). While the facts that may be established through discovery might lead to the conclusion that the individual defendants possessed actual or arguable probable cause to arrest Plaintiff and commence his prosecution on certain crimes, that determination will have to await a summary judgment motion or trial. See Jackson v. New York State, 381 F. Supp.2d 80, 91 (N.D.N.Y. 2005)("Plaintiff alleges violations of her constitutional rights and, based on the complaint alone, it does not appear that defendants' actions were objectively reasonable. Further factual information is necessary, therefore, to determine whether defendants are entitled to qualified immunity."); Middleton v. City of New York, 2006 WL 1720400, at *12 (E.D.N.Y. June 19, 2006)(Denying qualified immunity on a Rule 12(b)(6) motion

because there was "insufficient information at this early stage to determine whether the conduct of the individual officers in this case is protected by qualified immunity."); Levine v. Lawrence, 2005 WL 1412143, at *10 (E.D.N.Y. June 15, 2005)("Defendants argue that dismissal of Levine's claims against Janosek are warranted under the doctrine of qualified immunity.  Because this defense similarly turns on facts not apparent from the face of Levine's complaint, dismissal on the basis of qualified immunity is premature."). Thus, that portion of Defendants' motion seeking qualified immunity is **DENIED** with leave to renew on summary judgment.

### iii.  Municipal Policy Claims

Defendants also seek to dismiss any Section 1983 claims brought against the City of Binghamton and the City of Binghamton Police Department because Plaintiff has not alleged that the individual officers' conduct was caused by a policy, custom or practice.

A municipality may not be held liable in a § 1983 action for the conduct of a lower-echelon employee solely on the basis of *respondeat superior*. Smith v. City of New York, 290 F. Supp.2d 317, 321 (S.D.N.Y. 2003)(citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)).  Rather, to establish municipal liability under § 1983 for unconstitutional acts by a municipality's employees, a plaintiff must show that the violation of his constitutional rights resulted from a municipal custom or policy.  Id. (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 478-79 (1986)).  Ultimately, the plaintiff must demonstrate a "direct causal link between a municipal policy or custom, and the alleged constitutional deprivation." City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989).  In this regard, the plaintiff must show that the municipal policy was the "'moving force [behind] the constitutional violation.'" Id. at 389 (quoting Monell, 436 U.S. at 694).

The policy or custom in issue need not be contained in an explicitly adopted rule or regulation, but rather can be shown when "practices ... are persistent and widespread, [such that] they could be so permanent and well settled as to constitute a custom or usage with the force of law." Sorlucco v. New York City Police Department, 971 F.2d 864, 871 (2d Cir. 1991).  However, "before the actions of subordinate [] employees can give rise to § 1983 liability, their discriminatory practice must be so manifest as to imply the constructive acquiescence of senior policy-making officials." Id. (internal quotations and citations omitted); see Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991)("a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy.").

Further, a municipal custom or policy may also be shown by "circumstantial proof, such as evidence that the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction." DeCarlo v. Fry, 141 F.3d 56, 61-62 (2d Cir. 1998) (internal quotations omitted).  Finally, Monell liability exists "where an official has final authority over significant matters involving the exercise of discretion [such that] the choices he makes represent government policy." Clue v. Johnson, 179 F.3d 57, 62 (2d Cir. 1999).

Here, there are no allegations in the Complaint that even remotely assert the existence of a policy, practice or custom in the City of Binghamton, or at the City of Binghamton Police Department, that caused Plaintiff's alleged constitutional deprivations.  See Monell., 436 U.S. at 690-91 (to hold municipality liable as a "person" under § 1983, a plaintiff must show that a policy or practice of that entity caused the deprivation of their federal rights).  Thus, even when viewing the facts in the light most favorable to Plaintiff, the Complaint fails to assert a legally cognizable municipal policy claim. See Middleton, 2006 WL 1720400, at * 15 ("When viewing the alleged

facts in a light most favorable to plaintiff, the complaint fails to allege even minimal facts from which it can be inferred that the plaintiff's alleged constitutional violation was the result of a City custom or policy or the result of the City's failure to train its officers. There is likewise no evidence to suggest that policymaking officials constructively acquiesced in allowing the continuation of the alleged actions.")(citing, *inter alia*, Sylla v. City of New York, 2005 U.S. Dist. LEXIS 31817 (E.D.N.Y. Dec. 8, 2005)("In the absence of any specific allegations, plaintiff has not pleaded facts on which the Court can infer that the municipality bears any culpability for the officers acts, or that the training program in any way caused plaintiff's injuries.") and Peterson v. Tomaselli, 2004 U.S. Dist. LEXIS 19765 (S.D.N.Y. Sept. 30, 2004)(stating "the City cannot be held liable under § 1983 on the basis of [an individual's] actions absent any specific allegations that [the individual] acted pursuant to an official municipal policy or that his superiors' failure to train him caused [plaintiff's] constitutional deprivation")).

Accordingly, the motion in this regard is **GRANTED** and all Section 1983 claims against the City of Binghamton and the City of Binghamton Police Department are **DISMISSED.** Because Plaintiff argues in his opposition papers that he believes that there was a policy or practice in the City of Binghamton that resulted in his constitutional deprivations, the dismissal is without prejudice to Plaintiff filing a motion to amend his complaint to assert such a claim against the City of Binghamton. See Van Buskirk v. The New York Times Co., 325 F.3d 87, 91 (2d Cir. 2003)(While a dismissal under Rule 12(b)(6) is generally with prejudice when it appears beyond doubt that a plaintiff can prove no facts that would entitle him to relief, a court may dismiss a claim without prejudice and give a plaintiff leave to file an amended complaint "when a liberal reading of the complaint gives any indication that a valid claim might be stated."); see also Orraca v. City of

N.Y., 897 F. Supp. 148 (S.D.N.Y. 1995)(police department and police precinct are not suable entities separate from the City); Wilson v. City of N.Y., 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992)(police department "cannot be sued independently because it is an agency of the City of New York"), aff'd, 32 F.3d 989 (2nd Cir. 1994).

### iv. Intentional Infliction of Emotional Distress

Defendants also move to dismiss Plaintiff's claim of intentional infliction of emotional distress.

> "Under New York law, a claim of intentional infliction of emotional distress requires: (1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." Conboy v. AT & T Corp., 241 F.3d 242, 258 (2d Cir. 2001) (internal quotation marks omitted). "[T]he standard for stating a valid claim of intentional infliction of emotional distress is rigorous, and difficult to satisfy. The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Id. (internal citations and quotation marks omitted).

Hill v. City of N.Y., 2006 WL 2347739, at *5 (S.D.N.Y. Aug. 14, 2006).

"Ordinarily, whether the challenged conduct is sufficiently outrageous will be determined as a matter of law." Nevin v. Citibank, N.A., 107 F.Supp.2d 333, 345-46 (S.D.N.Y. 2000) (citing Howell v. New York Post Co., 81 N.Y.2d 115, 121, 596 N.Y.S.2d 350, 612 N.E.2d 699 (1993)). False claims to police resulting in a person's arrest generally do not equate with actions that are so extreme and outrageous in character as to go beyond all possible bounds of decency. Hill, 2006 WL 2347739, at *5 (citing cases).

Here, although the false allegations leading to Plaintiff's arrest and prosecution were allegedly made by the police, the impact on Plaintiff is the same as if made by a private citizen. He

12

was arrested and prosecuted for the crimes charged. While the conduct, if true, surely would have had an emotional impact upon Plaintiff, it does not constitute the type of extreme and outrageous conduct necessary to make out a viable claim for the intentional infliction of emotional distress. Id. Plaintiff has not alleged that Defendants did anything to prevent him from obtaining an attorney once charged and, if the charges were baseless as he contends, having them quickly dismissed. Even accepting as true all of Plaintiff's allegations, Plaintiff fails to allege facts sufficient to support a claim for the intentional infliction of emotional distress under New York law. Accordingly, the motion in this regard is **GRANTED** and the claim alleging the intentional infliction of emotional distress is **DISMISSED**.

### v. Defamation claim

Defendants next argue that any claim for libel and slander must be dismissed because Plaintiff has not set forth any specific "defamatory facts" in the officer's accusatory instruments. In this regard, Defendants assert that "Plaintiff's pleading leaves the Defendants in a position where they must guess as to what information was not true and such a position deprives them of the ability to properly defend themselves." Def. Mem. L. p. 22. The argument must be rejected on this motion.

As noted recently by Judge Scullin,

> [S]ince federal law governs the procedural issues in this case, " 'the mode of pleading defamation is governed by Rule 8, Fed. R. Civ. P.'" Kelly v. Schmidberger, 806 F.2d 44, 46 (2d Cir. 1986) (quotation omitted). Therefore, the heightened pleading requirement of New York Civil Practice Law and Rules § 3016(a) does not apply to this action. See Silverman v. City of N.Y., No. 98-CV-6277, 2001 WL 218943, *8 (E.D.N.Y. Feb. 2, 2001) (quotation and other citation omitted).

Griffin-Nolan v. Providence Washington Ins.Co., 2005 WL 1460424 at *12 (N.D.N.Y. June 20,

2005).

The Complaint provides a short, plain, and concise statement of the basis of Plaintiff's defamation claim - namely, that the officers filed false affidavits that caused Plaintiff to be arrested and prosecuted. The specific "defamatory facts" underlying this claim can be attained by use of the "liberal discovery rules" employed in federal court, and can be tested on a motion for summary judgment. See Swierkiewicz, 122 S.Ct. at 998. For present purposes, the pleading is sufficient and allows Defendants to mount defenses to the allegations. Similarly, whether Defendants acted in good faith upon a complaint of a victim is a question of fact that cannot be resolved on this motion. Therefore, the motion in this regard is **DENIED**.

### vi. N.Y. Penal Law Section 140.10(4)

Finally, Defendants argue that all state common law claims against the individual officers must be dismissed because they acted as required by N.Y. Penal Law Section 140.10(4), and because the City of Binghamton has passed an ordinance requiring the City to defend and indemnify any officer making an arrest under Penal Law Section 140.10(4).

N.Y. Penal Law Section 140.10(4) provides that police officers must make an arrest when confronted with probable cause to believe that a crime of domestic abuse has occurred. Nicholson v. Williams, 203 F. Supp.2d 153, 194 (E.D.N.Y. 2002)(citing N.Y. Penal L. § 140.10(4)). While Defendants contend that Plaintiff's arrest was supported by complaints from a domestic abuse victim and, therefore, they had no choice but to arrest Plaintiff, this fact is not established by the Complaint. This factual issue must be explored during discovery and tested on summary judgment. On this motion, however, the allegations in the Complaint do not provide a basis for dismissal of the

state common law claims under N.Y. Penal Law Section 140.10(4).

Whether the City has elected to defend and indemnify the officers in such circumstances does not affect the legal viability of Plaintiff's claims and does not establish a basis for dismissal under Rule 12(b)(6).  Accordingly, Defendants' motion in this regard is **DENIED**.

**IV.  CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss is **GRANTED IN PART and DENIED IN PART**. In this regard, Defendants' motion is **GRANTED** inasmuch as Plaintiff's claims (a) brought pursuant to 42 U.S.C. § 1983 against the City of Binghamton and the City of Binghamton Police Department, and (b) asserting the intentional infliction of emotional distress by all defendants, are **DISMISSED.**  Defendants' motion is, in all other respects, **DENIED**.


**IT IS SO ORDERED**

DATED:October 11,2006

_____
Thomas J. McAvoy
Senior, U.S. District Judge